[Civ. No. 10619. Fourth Dist., Div. One. Mar. 10, 1971.]

SAMMIE SULLIVAN, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
RIVERVIEW CEMETERY DISTRICT et al., Respondents.

960

## COUNSEL

J. W. Fleming for Petitioner.

Rupert A. Pedrin, Gabriel L. Sipos, T. Groezinger, Loton Wells, and P. M. Miyamoto for Respondents.

## OPINION

**THE COURT.**—The Workmen's Compensation Appeals Board barred Sammie Sullivan's application for benefits on the ground the statute of limitations had run. ▮ The undisputed evidence, however, shows Sullivan's employer furnished him medical benefits. Sullivan's claim, based on new and further disability, is timely and the Board's decision should be annulled.

On November 29, 1964 petitioner, Sammie Sullivan, an employee of the Riverview Cemetery District (Riverview) was injured at work. Sullivan was putting a cement slab in the ground when a fellow worker dropped his end. As a result, the slab's entire weight was imposed on Sullivan, who got a catch in his back and was unable to straighten up.

The district foreman, Jack Kellam, took Sullivan to Dr. Foster in a Riverview pickup truck. On two occasions, following instructions of his supervisor, Kellam picked up Sullivan and took him to Dr. Foster's office.

Sullivan saw Dr. Foster four or five times, but felt he was not improving and went to another doctor. Neither Riverview nor Sullivan paid Dr. Foster. Dr. Foster's records reflect the services rendered, charges and this notation:

"12-10-64 we mailed insurance paper to Metropolitan, but never got paid." The record does not show the connection, if any, between Riverview and Metropolitan.

On April 29, 1969, four years, five months after injury, Sullivan filed his claim for benefits. He alleged the back sprain caused irregular periods of disability, his condition had become permanent and stationary, and because his disability had become permanent, it constituted new and further disability.

A claim for benefits may be filed within one year from the date of injury, the expiration of payments, or the last furnishing of benefits. (Lab. Code, § 5405.) If, however, the employee has received benefits and suffers new and further disability, he may file a claim within five years of injury. (Lab. Code, § 5410.) ■ "Permanent disability is a new and further disability within the meaning of [section 5410]." (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.,* 65 Cal.2d 287, 290 [54 Cal.Rptr. 100, 419 P.2d 164].)

■ The Board found Sullivan's claim untimely on grounds he received no benefits from Riverview. The Board first noted Riverview had not paid Dr. Foster. Relying on its own cases, it then stated the mere furnishing of transportation does not constitute the furnishing of medical treatment.

We hold the evidence establishes as a matter of law Riverview furnished medical benefits to Sullivan.

Riverview clearly recognized its obligation to this injured workman. Not only was Sullivan taken for treatment at the time of injury, but later, on two occasions, the foreman, acting under his supervisor's orders, picked him up at home and drove him to the doctor's office. Riverview took an active role in seeing to it medical care was available. (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd., supra,* 65 Cal.2d 287.) Indeed, its actions made it difficult to see what more it could have done to ensure its injured employee received medical treatment.

Riverview's obligation to pay Dr. Foster (Lab. Code, § 4600) is entirely unrelated to its role in furnishing Sullivan treatment. The irrelevant fact Dr. Foster was not paid may not prejudice a workman's rights to be heard on the merits of his claim.

The award is annulled.